UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CARLA MANUEL | CIVIL ACTION NO. 6:15-cv-01737 |
| VERSUS | JUDGE DOHERTY |
| WINN-DIXIE MONTGOMERY, LLC | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Defendant Winn-Dixie Montgomery, LLC removed this action, alleging that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  The undersigned reviewed the pleadings but cannot determine whether the requirements for diversity jurisdiction have been satisfied.  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  Here, Winn-Dixie Montgomery must bear that burden.

This Court finds that the amount-in-controversy requirement is satisfied.  In April 2015, Winn-Dixie Montgomery propounded a request for admissions on the plaintiff, and the plaintiff responded that the amount in controversy exceeds $75,000. (Rec. Doc. 1-2 at 1).  The plaintiff's response constitutes an "other paper" under 28 U.S.C. § 1446(b)(3).  Although the suit was removed more than thirty days after the

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

commencement of the lawsuit, it was removed less than one year after the suit was filed and less than thirty days after the removing defendant's receipt of the "other paper." Therefore, the removal was timely.

However, this Court cannot determine whether the parties to the suit are diverse in citizenship. Removal on the basis of diversity of citizenship is proper if the parties were diverse at the time the complaint was filed and at the time of removal.[2] Additionally, when jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[3]

The plaintiff's petition, which was filed on December 21, 2014, alleges that the plaintiff is a Louisiana domiciliary. The citizenship of a natural person is determined by the state in which he is domiciled.[4] Therefore, the plaintiff is a Louisiana citizen.

The petition named two defendants: Winn-Dixie Louisiana, Inc. and Winn-Dixie Montgomery, LLC. The petition alleges that each of these are foreign corporations, which is insufficient to establish the citizenship of either defendant since a corporation's citizenship is determined by its state of incorporation and the

---

[2] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[3] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[4] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

state of its principal place of business[5] and a limited liability company's citizenship is determined by the citizenship of each of its members.[6]

In its removal notice, Winn-Dixie Montgomery averred that its sole member is Winn-Dixie Stores, Inc., and that Winn-Dixie Stores was incorporated in Florida and maintains its principal place of business in Florida. Accordingly, Winn-Dixie Montgomery is a citizen of Florida and is diverse in citizenship from the plaintiff.

In its removal notice, Winn-Dixie Montgomery deleted Winn-Dixie Louisiana from the suit caption and made no mention of that entity. There is no evidence that Winn-Dixie Louisiana consented to the removal. Several months later, in December 2015, the plaintiff amended her complaint to remove Winn-Dixie Louisiana as a defendant in the lawsuit.[7] (Rec. Doc. 8). But that was long after this action was removed in May 2015 and more than a year after the suit was filed. Absent bad faith on the part of the plaintiff, the voluntary dismissal of Winn-Dixie Louisiana does not

---

[5] 28 U.S.C. § 1332(c)(1).

[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[7] The amended complaint that deleted Winn-Dixie Louisiana is titled as the plaintiff's "second amending complaint," but this Court could not locate a "first amending complaint" in the record.

constitute an "other paper" that would trigger a new removal period.[8]  Therefore, the citizenship of Winn-Dixie Louisiana must be evaluated.

Accordingly,

IT IS ORDERED that, not more than twenty-one days after the date of this order, the removing defendant, Winn-Dixie Montgomery, shall file a memorandum setting forth specific facts that support a finding that former defendant Winn-Dixie Louisiana, Inc. is diverse in citizenship from the plaintiff.  These facts should be supported with summary-judgment-type evidence.  The removing defendant should also address the effect, if any, of Winn-Dixie Louisiana, Inc.'s failure to consent to removal.  The plaintiff will have seven days to respond to the removing defendant's submission.

Signed at Lafayette, Louisiana, this 8th day of January 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[8] 28 U.S.C. § 1446(c)(1).